UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WILSON, a minor child by
his mother, JACQULYN CLARK,

    Plaintiff,

v.

Case No. 12-12328

Hon. John Corbett O'Meara

UNIVERSITY PREPARATORY SCIENCE
AND MATH HIGH SCHOOL,
GABRIELA GUI, JANE DOES and
JOHN DOES,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendants' motion to dismiss or for summary judgment, filed June 12, 2012. Plaintiff filed a response on July 5, 2012; Defendants submitted a reply brief on July 19, 2012. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

**BACKGROUND FACTS**

Plaintiff, Kevin Wilson, was expelled from Defendant University Preparatory Science and Math High School ("UPSM") after fighting on school property while on suspension for another infraction. The alleged fight occurred on February 21, 2012. After the fight, Grady Jones, Jr., an administrator at UPSM, called Plaintiff's mother about the incident and informed her about the disciplinary action hearing being held on February 28, 2012.

Present at the hearing were Defendant Gabriela Gui (principal), Jones, Angela Sherman (Plaintiff's academic advisor), Plaintiff, and Plaintiff's mother and father. See Defs.' Exs. A-C. Jones was the hearing officer; he read the allegations against Plaintiff and the statement Plaintiff

wrote after the fight.  He also read statements from three UPSM student witnesses.  Gui, Jones, and Sherman contend that Plaintiff was given the opportunity to present evidence in his defense, but that he brought neither witness statements nor live witnesses to the hearing.  See, e.g., Ex. A at ¶ 6.  Plaintiff was allowed to present his version of the facts at the hearing, which Defendants contend conflicted with his earlier written statement.  Id. at ¶ 7.

Jones summarized the case against Plaintiff and Plaintiff's disciplinary history at the hearing.  Defendants note that Plaintiff's parents became upset and left the hearing before a decision had been reached.  Id. at ¶ 9.  Jones continued the hearing and the panel decided to expel Plaintiff.  After the hearing, Jones prepared a hearing decision report outlining the grounds for the expulsion and sent it to Plaintiff's mother.

Plaintiff contends that the decision to expel him was made before the hearing, because "UPSM officials" called his mother the day of the fight and told her that Plaintiff was expelled.  Plaintiff also alleges that he was not given a meaningful opportunity to be heard, because Gui would not allow Plaintiff to read three written witness statements in his favor.  Further, Plaintiff contends that Gui is not an impartial decision maker, because she has a personal interest in appearing to have a "zero-tolerance" policy against bullying and fighting.  The court notes that Plaintiff has not presented any declarations in support of his version of the facts.

Plaintiff contends that his procedural due process rights under the United States and Michigan constitutions were violated and seeks relief in the form of monetary damages.

## LAW AND ANALYSIS

Defendants seek dismissal and/or summary judgment in their favor.  Because Defendants rely upon evidence outside of the complaint, the court will consider their motion a motion for

summary judgment.

## I.    Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II.    Procedural Due Process

Defendants seek summary judgment on several grounds. First, Defendants contend that UPSM is not a legal entity capable of being sued, and that the correct entity is the Public School Academies of Detroit. At this stage of the proceedings, however, the court would provide Plaintiff the opportunity to correct this mistake, so dismissal is not warranted on this ground.

Defendants also contend that neither Gui nor UPSM are "persons" subject to suit under 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). In Will, the Supreme Court held that states, state entities, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983 and are immune from suit under the Eleventh Amendment. Defendant has not, however, provided legal authority that a charter school and a charter school principal must be considered state entities for the purpose of § 1983 liability and/or Eleventh Amendment immunity. The court declines to make such a leap

of logic without analysis. Cf. Mosaica Advantage, Inc. v. Detroit Advantage Academy, Inc., 2005 WL 2417627 (E.D. Mich. Sept. 30, 2005) (Gadola, J.) (finding charter school not an arm of the state for purposes of Eleventh Amendment immunity).

Defendants also contend that Gui is entitled to qualified immunity. "In civil damage actions arising out of governmental officials' performance of discretionary functions, the officials are generally entitled to qualified immunity from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Greene v. Barber, 310 F.3d 889, 894 (6th Cir. 2002) (citation omitted). In determining whether Defendants are entitled to qualified immunity, the initial inquiry is as follows: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [official's] conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. . . . The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 201-202. See also Pearson v. Callahan, 129 S.Ct. 808, 818 (2009).

On this record, it is clear that Plaintiff received the process that he was due. He received notice of the hearing and an opportunity to be heard. At the hearing, Jones read the allegations against Plaintiff, Plaintiff's statement, and the statements of three witnesses against him. Plaintiff was given the opportunity to present evidence in his defense, but brought neither written statements nor witnesses. Plaintiff was able to provide an oral statement in his defense. Jones summarized the case against him as well as his disciplinary history. After the decision was made

to expel Plaintiff, a written report was sent to his mother. See Defs.' Exs. A-C. Nothing more is required. See Newsome v. Batavia Local Sch. Dist., 842 F.2d 920, 927 (6th Cir. 1988); Goss v. Lopez, 419 U.S. 565, 581 (1975). See also Gazette v. City of Pontiac, 212 Mich. App. 162, 173 (1995) ("Michigan's guarantees of due process . . . are construed no more broadly than the federal guarantees."). Plaintiff's contention that he was not given a meaningful opportunity to participate in the hearing is attorney argument unsupported by the record and is insufficient to withstand Defendants' properly supported motion for summary judgment.

## ORDER

For these reasons, IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED.

                                  s/John Corbett O'Meara
                                  United States District Judge

Date: August 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 14, 2012, using the ECF system.

                                s/William Barkholz
                                Case Manager